Appellant insists, and after careful consideration of the record we agree, that it sufficiently appeared from undisputed evience heard at the trial that the Instrument in question was wholly in Mrs. Mateer's handwriting.
The testimony relied upon to prove that the instrument was wholly written by Mrs. Mateer was that of Grover Rees, given at the hearing in the county court, and that of appellant and A. E. Cunningham, who testified as witnesses at the trial in the district court. Rees testified that he was acquainted with Mrs. Mateer's handwriting, and that the instrument offered for probate as her will was wholly in her handwriting. Appellant testified to the same effect. Cunningham was not acquainted with Mrs. Mateer's handwriting, but, having compared the writing on the instrument in question with her writing on other papers, testified as an expert that the writing on said instrument and that on said other papers was by the same person.
The only other testimony relevant to the issue was that of appellee and that of Ingham S. Roberts. Appellee testified that she was familiar with Mrs. Mateer's handwriting, and then said:
"I could not swear that the signature is my mother's handwriting on what purports to be the will offered by Mrs. Crockett, or tell you what parts of it, if any, are not in her handwriting, because I never saw her write a hand that large in my life, and it is too steady a hand."
Roberts testified as an expert, and what he said amounted to no more than that admitted signatures of Mrs. Mateer, written about the same time the instrument offered for probate as her will purported to have been written looked like the handwriting of "a much older person than the signature attached to the will."
We do not regard the testimony of either appellee or Roberts, to which we have just referred, as contradictory of that of appellant, Rees, and Cunningham that the instrument in question was wholly in Mrs. Mateer's handwriting. The fact that that instrument was written with a lead pencil, while the admitted signatures of Mrs. Mateer were written with a pen and ink, might easily account for the differences noted between such signatures and the writing on the instrument offered for probate as Mrs. Mateer's will.
The document admitted as evidence at the trial in the court below, showing the admittedly genuine signatures of Mrs. Mateer referred to, and the instrument purporting to be her will as well were sent to this court and have been looked to and carefully considered here, with the result there is no doubt in the mind of any member of this court about the instrument in question having been wholly written by the decedent.
Appellee insists that the transcript of the testimony of Grover Rees in the county court was not admissible as evidence in the district *Page 909 
court, and, therefore, that said testimony should not be considered here in determining whether it sufficiently appeared that the instrument in question was in Mrs. Mateer's handwriting or not. It appeared that the testimony of said Rees in the county court was reduced to writing and recorded in the minutes of that court, as provided by the statute. Articles 3350 and 3351, R.S. 1925. When a transcript of the testimony was offered as evidence, appellee objected to the admission thereof on the ground that it was not the best evidence of the matters the testimony was expected to prove and was "not authorized by statute." In Rutherford v. Robbins, 294 S.W. 265, decided by this court March 23, 1927, it was held that the effect of the omission from the Revised Statutes of 1925 of article 3275, Vernon's Statutes, providing that a certified copy of testimony heard on an application in the county court to probate a will, and recorded as provided in article 3274, Vernon's Statutes, hereinbefore referred to, should be admitted in evidence "on the trial of the same matter in any other court when taken there by appeal or otherwise," was to repeal said article 3275. "The admissibility of such testimony," it was said, "is now governed by the common-law rules. Since the witnesses were available for use upon the trial, their affidavits should not have been introduced."
If the ruling in the Rutherford Case was correct, the trial court erred, as claimed by appellee, for Grover Rees was present at the trial in the district court and there was no reason why he should not have testified thereat. But, ignoring Rees's testimony, we think it sufficiently appeared from the other evidence referred to that the instrument offered for probate was wholly in Mrs. Mateer's handwriting, and therefore entitled to probate as her will
We do not agree with appellee in her contention that the testimony of the witness Cunningham as an expert in handwriting also should be ignored, on the theory that the statute requires proof of handwriting in such a case to be by witnesses who have "actual knowledge of the handwriting" of the decedent. The statute referred to is article 3344, R.S. 1925, providing that a written will produced in court may be proved "if * * * wholly written by the testator, by two witnesses to his handwriting which may be made by affidavit taken in open court and subscribed to by the witnesses, or by deposition."
It will be noted the statute does not require the witnesses to the testator's handwriting to have "actual knowledge" of his handwriting, if by that is meant knowledge acquired otherwise than by comparison. It does not undertake to point out how a witness shall have acquired knowledge which enables him to identify given handwriting as that of the testator. Moreover, it has been held that the method authorized by the statute is not an exclusive one, and does not forbid resort to "other than the statutory proof." In re Fullhas' Estate (Tex.Civ.App.) 228 S.W. 659; Massey v. Allen (Tex.Civ.App.) 222 S.W. 682. Proof of handwriting by comparison is a method recognized by law (22 C.J. 772; article 731, C. C. P. of 1925), and we think appellant was entitled to resort to it in proving that the instrument in question was wholly written by Mrs. Mateer.
The judgment of the court below will be reversed, and judgment will be rendered here admitting the instrument to probate as Mrs Mateer's last will.