## ARIZPE et al. v. HART FURNITURE CO.
### No. 3008.

Court of Civil Appeals of Texas. El Paso.
May 17, 1934.

Rehearing Denied June 14, 1934.

Brown & Hamlin, of Dallas, for appellants.

W. M. Pierson, of Dallas, for appellee.

PELPHREY, Chief Justice.

This case grows out of a sequestration proceeding instituted in one of the county courts at law of Dallas county, in which appellee was plaintiff and B. F. Daniel and wife were defendants. A writ was issued in that case and levied upon the personal property involved here, as the property of Daniels. Appellant, Arizpe, claiming the property, filed his claimant's oath and bond under the statute for the trial of the right of property.

This case, because of the assessed value of the property, was filed in the 101st district court of Dallas county, with appellee as plaintiff and Arizpe as defendant. Appellee asserted a chattel mortgage on the property and alleged that Arizpe had notice thereof prior to his purchase of the property. Arizpe claimed

to have purchased the property from G. E. Walden and wife on April 15, 1931, before the filing of the sequestration proceeding, and without any notice, actual or constructive, of the mortgage claimed by appellee; that he immediately after such purchase took possession of the property and was in possession thereof at the time of the service of the writ of sequestration.

Appellee interposed the following exceptions to the claimant's bond:

"(f) The claimant's bond herein confers no jurisdiction on this Court because it is not conditioned as required by law; the statute provides that the bond shall be conditioned that claimant in the event he fails to establish his rights to the property, * * * 'shall return the same to the officer making the levy or his successor in as good condition as he received it and shall also pay the reasonable value of the use, hire, increase and fruits thereof from the date of said bond, or in case he fails so to return said property and pay for the use of same, then he shall pay the plaintiff the value of said property with legal interest thereon from the date of the bond, and shall also pay all damages and costs that may be awarded against him.' The bond in this case provides that claimant, * * * 'shall also pay the reasonable value of the use, hire, increase, or fruits of the same' * * * using the word Or instead of the word And between increase and fruits; the bond also fails to provide for legal interest from date of the bond as required by law."

"(g) Claimant's Bond is further insufficient and confers no jurisdiction on this Court in that it provides * * * 'That he will pay the plaintiff, Hart Furniture Company, the due value of the same' * * * The legal effect of this provision in the bond is to limit claimant's liability to the amount due plaintiff, whereas the statute provides that claimant shall be liable for the full value of the property."

These exceptions were sustained by the court and the bond quashed. Thereupon, Arizpe filed a motion for leave to file a new bond and/or amend his bond, which motion the court overruled. Arizpe then requested the permission of the court to show that he was in actual possession of the property at the time of the levy and his title thereto. This permission the court refused, and proceeded to render summary judgment against Arizpe and his bondsmen for the assessed value of the property as shown by the officer's return on the writ of sequestration.

Arizpe and his sureties have appealed to this court.

## Opinion.

Appellants' propositions are: (1) That the word "and" used in article 7404, immediately before the word "fruits," is used instead of "or" as provided in the prior statute, and that the words were used interchangeably: (2) that the substitution of the word "and" in article 7404, by the codifiers, whether by mistake or otherwise, when in the prior statute the word "or" was used, clearly shows that there was no intention to modify, take from, or add to the law as it had existed for many years prior to the codification; (3) that the objection of article 7404 being to protect the plaintiff where a claimant failed to establish his right to the property, in the return of same, and also in the payment of the reasonable value of the use, hire, increase, and/or fruits thereof, as warranted by the particular kind of property in question, it was not intended that he should recover for the use, hire, increase, and fruits in every case, regardless of the kind and/or condition of the property; (4) that the use of the word "due" in the claimant's bond, being surplusage, did not enhance or diminish the claimant's liability thereunder; (5) that the defects in the claimant's bond, being mere irregularities, the court abused its discretion in refusing to permit said bond to be amended or a new one filed in its stead; (6) that the court erred in rendering a summary judgment on the bond without giving Arizpe the right to show the true ownership of the property and in whom the possession was at the time of the levy of the sequestration writ; and (7) appellee, being only a lienholder out of possession, was not entitled to recover interest or damages from Arizpe and his bondsmen.

Article 7771, Vernon's Sayles' Ann. Civil Statutes 1914, provided that the bond, in cases of trial of the right of property, should be conditioned that the claimant, in case he failed to establish his right to the property, should return the same to the officer making the levy, or his successor, in as good condition as he received it, and should also pay the reasonable value of the use, hire, increase, and fruits thereof from the date of said bond. Article 7774 of the same statutes provided a form to be used, for such bonds. In such prescribed form the following appeared: "And, whereas, (name of claimant) has claimed said property and presented to said officer his oath in writing that such claim is made in good faith; now therefore we (name

378

of claimant), as principal, and ——— and ——— as sureties, acknowledge ourselves bound to pay to the said (name of plaintiff) the sum of ——— dollars, being double the value of said property, conditioned that the said (claimant), in case he fails to establish his right to said property, will return the same to the said (name of officer) or his successor in as good condition as he received it, and shall also pay the reasonable value of the use, hire, increase or fruits of the same from the date of this bond and costs."

Article 7775, provided that any other form of bond which substantially complied with the provisions of article 7774 should be a sufficient bond.

Article 7771 became article 7404 of the 1925 codification, but articles 7774 and 7775 were not carried forward therein. The claimant's bond here followed the form as laid down in article 7774, and used the word "or" between the words "increase" and "fruits."

■ Appellants here contend that the Legislature did not intend to differentiate in the meaning and sense of the words "and" and "or" when used in claimant's bonds. With such contention we agree. It is quite clear, we think, that the Legislature in using "and" in the statute relative to the conditions of claimant's bonds, and then using "or" in the form prescribed, intended to use them interchangeably and did not intend that the use of the word "or" should render the bond invalid.

We are also of the opinion that the codifiers did not intend to so change the existing laws on the question of claimant's bonds as to render them void simply because they contained the word "or" instead of "and" as appeared in the statute which was carried forward into the Revised Statutes.

The Supreme Court in Witherspoon v. Jernigan, 97 Tex. 98, 76 S. W. 445, 447, quoted from Sutherland on Statutory Construction, as follows: "The popular use of 'or' and 'and' is so loose and so frequently inaccurate that it has infected statutory enactments. While they are not treated as interchangeable, and should be followed when their accurate reading does not render the sense dubious, their strict meaning is more readily departed from than that of other words, and one read in place of the other in deference to the meaning of the context."

In applying the above rule to the case before them, the court said: "This proposition is well sustained by authority, and the method of construction has been frequently resorted to for the purpose of reconciling what would otherwise be a conflict between the language employed and the purpose and intent of the act."

To here hold that the use of the word "or" rendered void the bond executed would be to nullify the purpose and intent of the act, and we cannot give our sanction to such a holding.

■ The word "due" used in connection with the value of the property was likewise immaterial, and the use thereof in the bond did not justify the trial court in quashing the bond. Appellee in its brief contends that the bond was insufficient upon several other grounds which were presented by way of exceptions to it and overruled by the court. Appellee has filed no cross-assignments to the court's action in overruling such exceptions, and these matters are not before us on this appeal.

Because the court erred in quashing the claimant's bond, the judgment will be reversed, and the cause remanded for a trial on the merits of Arizpe's claim to the property.