William B. WARD, Jr., Appellant,

v.

FIRST–WICHITA NATIONAL BANK OF
WICHITA FALLS, Texas, Appellee.

No. 16606.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 19, 1965.

Rehearing Denied March 19, 1965.

David J. Dixon, Warrenburg, Mo., Spence, Martin & Richie, Wichita Falls, and Michael J. McCloud, Jr., Dallas, for appellant.

Thelbert Martin, Wichita Falls, for appellee.

RENFRO, Justice.

This is a will contest. First-Wichita National Bank filed application for probate of alleged holographic will of William B. Ward. The application was contested by William B. Ward, Jr. From an order of the county court admitting the will to probate, Ward, Jr., appealed to the district court. After both parties rested, the court discharged the jury and rendered judgment admitting the will to probate.

The will, in full, reads as follows:

"Wichita Falls Texas
March—19—1960.
Know all Men by these Presents.
That I, William B. Ward, of Wichita Falls, Texas, realizing the certainty of death—make and declair this to be my last will and testament, hereby express-

ly revoking all others wills by me heretofore made.

I hereby declare that immediately upon death my Estate shall become a trust and I appoint the 1st Wichita Nat Bank of Wichita Falls Texas, as the Independent Excutor and Trustee of my estate.

I further direct that no proceeding be had in any court or courts in relation to the settlement or administration of my Estate other than the probate of this my last will.

1. I want to leave $1000$\frac{00}{}$ to my Son—William Bryan Ward, Jr.

2–The income from my Estate to my wife Ellene Collins Ward.

3–Also my Stocks and Bonds—"

The appellant contends: (1) it must appear from the instrument as a whole that there is positive and satisfactory inference from the instrument itself that the signature was so placed (in first sentence) with the intent that it should serve as a token of execution; (2) a fact question was presented as to whether the instrument was wholly in the handwriting of decedent; (3) fact question was presented as to whether decedent intended the instrument to be his last will; (4) the evidence conclusively established as a matter of law that decedent did not intend the instrument to be his last will; (5) the court erred in curtailing appellant's cross-examination of witness Joe Ward.

Decedent and Ellene Collins Ward were married in 1946 and were still married at the time of Ward's death, December 21, 1962. They had no children. Appellant was Ward's son by a previous marriage which ended by divorce in 1931. Ward last saw appellant when he was two years of age. Appellant adopted the name "Peter W. Nichols."

After the death of Ward, both his brother Joe and Ward's widow searched for a will.

Joe Ward's secretary found the instrument in question in a filing cabinet where decedent kept athletic papers, income tax papers, canceled checks, bank statements, etc., in a room where decedent kept his sports museum. It was found within ninety days of decedent's death. Continued search failed to disclose any subsequent will. The instrument itself revoked all prior wills.

Prior to his death decedent had discussed making a will with Joe and told his tax adviser that he had made a will.

Joe and Mrs. William B. Ward both testified unequivocally that the instrument was wholly in the handwriting of William B. Ward, deceased. Ward's tax adviser testified, "I can't truthfully say" whether the instrument was in decedent's handwriting.

Appellant introduced a 1920 handwritten will by decedent, but introduced no evidence to show the handwriting therein differed in any respect from the 1960 instrument. Decedent was forty years older when he wrote the 1960 instrument. Our examination and comparison of the two instruments reveal nothing to cast doubt that they were written by one and the same person. The record discloses no evidence that the instrument was not wholly in decedent's handwriting.

The evidence introduced, in the absence of any contradictory evidence, oral or physical, was sufficient to meet the requirements of the statute as to quantum of proof necessary that the instrument was wholly written in the handwriting of decedent. Sanders v. Maxwell, 265 S.W.2d 683 (Fort Worth Civ.App., 1954, no writ hist.); Crockett v. Dorman, 296 S.W. 907 (Texarkana Civ.App., 1927, ref.); Thomason v. Gwinn, 184 S.W.2d 542 (Amarillo Civ.App., 1944, ref., w. m.); Price v. Taliaferro, 254 S.W.2d 157 (Fort Worth Civ.App., 1952, ref., n. r. e.).

Under the provisions of Section 60, Probate Code, V.A.T.S., when a will is written wholly in the handwriting of the testator

the attestation of subscribing witnesses may be dispensed with.

 The place where the testator affixes his signature is of secondary consequence if it sufficiently appears that the intent to execute was present at the time. Lawson v. Dawson's Estate, 21 Tex.Civ.App. 361, 53 S.W. 64 (1899, ref.). In Burton v. Bell, 380 S.W.2d 561 (Tex.Sup., 1964), the court held that the first part of the sentence, "That I, Roy W. Bell, etc.", being in Mr. Bell's handwriting, was a sufficient signature for a holographic will, citing Lawson v. Dawson's Estate.

We think the very words of the instrument make plain that the intent of decedent was to execute a will. Certainly this conclusion is sound when the extrinsic evidence is considered. He realized the certainty of death. He declared the instrument to be his last will and testament. He provided that immediately upon his death his estate should become a trust. He named an independent executor, towit, the Bank, which also was named trustee of his estate. He made clear his desire that his son receive $1,000, that his wife receive his stocks and bonds and the income from his estate.

 An instrument is testamentary in character when it makes a disposition of a testator's property or portion thereof, to take effect at his death. Barnes v. Horne, 233 S.W. 859 (Austin Civ.App., 1921, no writ hist.); Huffman v. Huffman, 339 S.W. 2d 885 (Tex.Sup., 1960); Fain v. Fain, 335 S.W.2d 663 (Fort Worth Civ.App., 1960, ref.).

 Clearly the language and words used show that decedent disposed of his estate, or a portion thereof, to take effect "immediately upon death"; hence the instrument is testamentary in character.

The Supreme Court stated in Boyles v. Gresham, 153 Tex. 106, 263 S.W.2d 935: "This being a proceeding for the probate of a writing alleged to be a will, it is not the province of the Court to construe it further than to decide whether it is or is not testamentary in character."

Having determined that the trial court was correct in holding the instrument to be wholly in the handwriting of the decedent, we further hold that the language of the instrument itself shows it to be testamentary in character; that it shows the intent of decedent that it was his last will and testament, and in the absence of any evidence that it was not his last will and testament, it is our opinion the instrument is testamentary in character and the court did not err in so holding.

 Appellant was allowed to cross-examine Joe Ward fully except as to a matter not material to the issues on trial. No reversible error is shown. Rule 434, Texas Rules of Civil Procedure.

All points of error are overruled and the judgment affirmed.

Affirmed.