Jess B. GUNN et ux., Appellants,

v.

N. L. PHILLIPS, Appellee.

No. 14929.

Court of Civil Appeals of Texas.

Houston.

Dec. 8, 1966.

Rehearing Denied Jan. 5, 1967.

R. E. McDaniel, Winnie, Eugene T. Jenson, Anahuac, for appellants.

Joe F. Sandlin, Anahuac, for appellee.

WERLEIN, Justice.

Appellants are the parents and sole heirs at law of George E. Gunn, Deceased, who died on August 8, 1965. On August 10, 1965 appellant, Jess B. Gunn, filed in the County Court of Chambers County, Texas, his application to be appointed administrator of the estate of the said George E. Gunn, Deceased, who he alleged died intestate. On the same day appellee, N. L. Phillips, filed in said court his application to have a purported holographic will of George E. Gunn probated and himself appointed administrator. The County Court consolidat-

ed the two cases, admitted the will to probate, and denied the application of Jess B. Gunn. Appellants appealed to the District Court of Chambers County. Based upon the jury finding that the purported will of George E. Gunn, adduced in evidence, is wholly in the handwriting of the said George E. Gunn, the court decreed that the instrument in question is the last will and testament of the deceased, and certified the same to the County Court for observance, and in all things denied the contest of appellants.

A photographic copy of said will is inserted herein for a clearer understanding of the

PROPONENTS' EXHIBIT 1

evidence adduced at the trial. It will be noted that the will is undated and that it leaves all of the testator's property to N. L. Phillips or family. The name of the devisee, N. L. Phillips, is not written in longhand but is printed by hand. That is, it is formed or written in letters like those of type.

The law is well settled in this State that the one offering a holographic instrument for probate must establish that it is wholly in the handwriting of the testator, and that this burden may be met by evidence of two witnesses to the handwriting of the testator. Ward v. First-Wichita Nat. Bank, Tex.Civ.App., 387 S.W.2d 913, writ ref., n. r. e.; Thomason v. Gwinn, Tex. Civ.App., 184 S.W.2d 542, error ref., w. o. m.; Sec. 84(b), Probate Code, V.A.T.S. The testimony of one witness is not sufficient. McClusky v. Owens, Tex.Civ.App., 255 S.W.2d 939, writ ref.; Dean v. Dickey, Tex.Civ.App., 225 S.W.2d 999, writ ref.; Maul v. Williams, Tex.Com.App., holding approved, 69 S.W.2d 1107.

We have carefully read the statement of facts, and have concluded that as a matter of law appellee has failed to establish by two witnesses that the purported will is wholly in the handwriting of the deceased, as required by the Probate Code and the authorities in this State. The finding of the jury that said purported will is wholly in the handwriting of the said George E. Gunn is not supported by sufficient evidence. Only two witnesses were called to testify with respect to the handwriting of the decedent. Mrs. Inez Banks, Executive Vice President and Cashier of Security State Bank at Anahuac, was shown to be qualified to testify as to the genuineness of the signature of the testator and also as to the writing in the body of the will with the exception of the printed words "N. L. Phillips". She testified that the part of the will written out in longhand appeared to be the writing and signature of the deceased. When asked if she was testifying that it appeared to her that the printed name in the body of the will, to wit: "N. L. Phillips", appeared to be in the testator's handwriting, she testified, "That I would not know." She also testified that she was not familiar with the printing of the deceased, and was not familiar as far as she knew with any printing that the deceased might have ever done.

Mrs. Faye Penick, a teller in Security State Bank of Anahuac, after looking at the handwriting and the signatures on the instrument, testified that the same appeared to be Mr. Gunn's handwriting and signature. She further testified, however, that she did not recall seeing Mr. Gunn's printing and was not familiar with any printing that he may have ever done. When asked, "And, then, you cannot testify that that in your opinion is his printing; can you?" she testified:

A You mean this right here?

Q The "N. L. Phillips".

A No, but when I spoke before in general of this document I meant the "N" in "N. L. Phillips" resembles his writing.

Q How about the "L"?

A I don't see anything else in this that— any word that has an L in it that—

Q Then you can not testify that that is his printing; can you?

A No.

When asked if she had an opinion as to whether or not "N. L. Phillips" in the middle of the page was the printing of George Gunn, she testified that, "To me the N and the L, since I have looked at this up here where he wrote out in longhand the Phillips, look like his writing." She repeated that she did not recall ever seeing any of the printing of the testator. She was then asked, "But as to the actual printing in the middle there, now, looking at that alone, if you saw that anywhere else be-

sides in that instrument, would you have an opinion that it was printing of George Gunn?" to which she answered, "No".

The handwriting witnesses were not qualified to testify, and did not testify, that the printing in the body of the instrument was the printing or even appeared to be the printing of the testator because they simply had not seen any of his printing and did not know. In view of the fact that the case must be reversed and remanded because of the insufficiency of the proof, and the possibility of another trial, we quote the following statement from McCormick and Ray's Texas Law of Evidence, Vol. 2, Sec. 1434, pp. 289–290:

"It should be mentioned, however, that during recent years the science of investigating the genuineness of documents has progressed far beyond the realization by most lawyers of its possibilities. Techniques of testing not only handwriting and typewriting, but ink, paper, watermarks, etc., has reached a degree of precision which makes the detection and demonstration of forgery practically infallible if resort is had to professional scientific assistance."

Appellants also contend that since the alleged will purports to leave the property to "N. L. Phillips or his family" it is void for uncertainty. They assert that a bequest to A or B is void, and cite Longmore v. Broom, 7 Ves.Jun. 124, 128, English Reports, Vol. 32, p. 51. It is true that the word "or" is a disjunctive conjunction that indicates a choice between two alternatives generally corresponding to "either" or "either this or that". Morrison v. Swaim, Tex.Civ.App., 220 S.W.2d 493, writ ref., n. r. e. We are of the opinion, however, that the words "or his family" as used in the instrument in question, are words of substitution, wherein the family of N. L. Phillips would be substituted for N. L. Phillips if he were not living at the time of the testa-tor's death. Since N. L. Phillips was living at such time, it is our view that the will is not void for uncertainty because of the use of the disjunctive word "or".

It has been held that in determining the sense in which a word is used, the court should look to the context and the circumstances of the case. H. & B. American Mach. Co. v. United States, 11 F.Supp. 48, 53. In Rolf's and Leising's Guardian Ad Litem v. Frischholz' Ex'r, 251 Ky. 450, 65 S.W.2d 473, the court held the words "or her children" to be words of substitution. The word "or" was held to be generally a word of substitution or purchase in In Re Boyle's Estate, 121 Colo. 599, 221 P.2d 357, 36 A.L.R.2d 1106. See also Hopkins v. Nichols, Tex.Sup., 22 Tex. 206, 207; Arizpe v. Hart Furniture Co., Tex.Civ.App., 72 S.W.2d 376; Coleman v. Hallum, Tex.Com. App., 232 S.W. 296; Robinson v. Brinson, 20 Tex. 438. It is also our view that N. L. Phillips does have a priority over his family, since the general rule is " * * * that the law favors the first taker; that the first taker in a will is presumed to be the favorite of the testator * * *" 57 Amer. Jur. 873, Wills, Sec. 1320.

The burden of proof was on appellee to prove testamentary capacity on the part of the testator at the time the will was written. The will is not dated. A number of witnesses, however, testified that during the years they had known the testator they had never known him to be irrational or intoxicated to the point he didn't know what he was doing, or known him to be incapable of understanding what a will was, and the nature and extent of his property. There was no evidence to the contrary. It is our view that there was sufficient circumstantial evidence with respect to testamentary capacity from which a jury might have found that the same existed when the will was written and signed. The Texas Probate Code does not require that a holo-

graphic will be dated, although in a number of states it is required by statute that such will be dated in the handwriting of the testator. Re Irvine, 1943, 114 Mont. 577, 139 P.2d 489, 147 A.L.R. 882, and annotation thereunder at p. 898. It has been held in Texas that a holographic will need not be dated. 61 Tex.Jur. 225, Wills, Sec. 107; Price v. Taliaferro, Tex.Civ.App., 254 S.W. 2d 157, writ ref., n. r. e.; Kramer v. Crout, 1955, Tex.Civ.App., 279 S.W.2d 932, writ ref., n. r. e. In the instant case it is a logical assumption that the will was made at some time after the deceased met and became acquainted with N. L. Phillips and his family. Phillips testified that he had known the testator for approximately six years. There is testimony that Mr. Gunn had testamentary capacity during a period greater than six years prior to his death. Furthermore, the testator states in the purported will that his signature may be verified at the bank. He does not state at what bank, and there is nothing in the record to show what bank he had in mind. On a new trial it might be established that he did business with only one bank and also the date when he began such business. It could be assumed quite logically that the will was executed after he had begun doing business with such bank.

It is our view there was no error on the part of the court in permitting Clifford Phillips, who was not a party to the suit, to testify as to transactions with the deceased and statements made by the deceased, over the objection that his testimony was within the inhibition of the so-called "Dead Man's Statute", Article 3716, Vernon's Ann.Tex.Civ.St.

It will not be necessary to discuss appellants' other assignments of error since they relate to matters that may not occur on another trial.

Reversed and remanded.