

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

October 31, 1991

Robert A. MacLean, M.D.
Acting Commissioner of Health
Texas Department of Health
1100 West 49th Street
Austin, Texas 78756-3199

Opinion No. DM-52

Re: Whether Health and Safety Code section 361.013(a) sets the fee for solid waste disposal as the amount equal to the greatest of three factors: the weight of the waste, the volume of the compacted waste, or the volume of the uncompacted waste (RQ-196)

Dear Dr. MacLean:

You have asked our opinion on the proper construction of the second and third sentences of section 361.013(a) of the Health and Safety Code. Section 361.013(a) in its entirety reads:

> (a) Except as provided by Subsection (e), the [Texas Department of Health] shall charge a fee on solid waste that is disposed of within this state. The fee is the greater of 50 cents per ton or, for compacted solid waste, 50 cents per cubic yard or, for uncompacted solid waste, 10 cents per cubic yard received for disposal at a landfill. The department shall set the fee for sludge or similar waste applied to the land for beneficial use on a dry weight basis[1] and for solid waste received at an incinerator or a shredding and composting facility at half the fee set for solid waste received for disposal at a landfill. The department may charge comparable fees for other means of solid waste disposal that are used. (Footnote added.)

---

[1]By using the phrase "dry weight basis," the statute requires landfill operators to charge disposal fees only for that part of the sludge found to be solids; the landfill operator may not charge for the water present in sludge.

In section 9.13 of House Bill 11, enacted during the first called session, the 72d Legislature amended the second sentence of section 361.013(a) to read as we have quoted it above: "The fee is the greater of 50 cents per ton or, for compacted solid waste, 50 cents per cubic yard or, for uncompacted solid waste, 10 cents per cubic yard received for disposal at a landfill." Prior to its amendment, the second sentence of section 361.013(a) read: "The fee is 50 cents per ton or 17 cents per cubic yard of compacted solid waste *and* 10 cents per cubic yard of uncompacted solid waste received for disposal at a landfill." (Emphasis added.)

Under section 361.013(a) before the legislature amended it in August of this year, the Department of Health (the department) collected on each load of solid waste a fee equal to either 50 cents per ton or, if the waste was delivered in compacted form, 17 cents per cubic yard and, if the waste was delivered in uncompacted form, 10 cents per cubic yard. In other words, regardless of the form of the solid waste, the landfill operator could calculate the proper disposal fee either by the ton or by the cubic yard (with different rates set for compacted and uncompacted waste, depending on the form in which the waste was delivered). Both of the two cubic yard rates produced fees approximately equivalent to 50 cents per ton.

As amended by the 72d Legislature, the second sentence of section 361.013(a) of the Health and Safety Code can be interpreted in at least two ways. The first possible interpretation (Interpretation One) requires the department to calculate the disposal fee for a given load of waste by comparing the weight and volume of the waste, calculated *both* as compacted and uncompacted (regardless of the form in which the waste is delivered to the landfill). Thus, under Interpretation One, the department collects as a disposal fee the greatest of three possible fees. The second interpretation (Interpretation Two) also requires the department to calculate the disposal fee by comparing the weight and volume of the waste, but the department determines the cubic yard amount *either* as compacted waste *or* uncompacted waste, depending on the actual nature of the load. Under Interpretation Two, the department collects the greater of two possible fees.[2]

---

[2]Interpretation Two provides for fees calculated in approximately the same way as calculated under the previous second sentence of section 361.013(a); the only difference (in addition to the increased amount charged per cubic yard of compacted waste) is that the amended statute directs the department to collect the *greater* of the two possible fees.

The problem in interpreting the amended second sentence of section 361.013(a) stems from the fact that the legislature changed the "and" in the previous statute to an "or" in the current statute. Accordingly, the department asks whether the amended second sentence requires it to calculate all three possible fees and charge the greatest fee possible (that is, to follow Interpretation One).

The word "or" indicates a choice between two alternatives, generally corresponding to "either" or "either this or that." *Gunn v. Phillips*, 410 S.W.2d 202, 206 (Tex. Civ. App.--Houston 1966, writ ref'd n.r.e.) (citing *Morrison v. Swaim*, 220 S.W.2d 493 (Tex. Civ. App.--Eastland 1949, writ ref'd n.r.e.)); *see also* Attorney General Opinion M-154 (1967) at 4. We believe the second sentence of section 361.013(a) includes two sets of choices between two alternatives, not one choice between three alternatives. The landfill operator must determine whether solid waste is compacted or uncompacted to compute the fee on a volume, or "cubic yard" basis. Then he determines which is greater, the fee computed per ton of weight, or the fee computed on volume. The first "or" in the sentence in question indicates the choice between computing the fee by weight or volume, and the second "or" indicates the decision between two volume-based fees, depending on whether the solid waste is compacted or uncompacted.

Moreover, construing the second sentence to require the department to charge the greatest of three possible fees is inconsistent with the legislature's use of the word "greater." Normally, a word in its comparative form (*-er*) indicates a choice between two options, while a word in its superlative form (*-est*) indicates a choice among more than two options. As the legislature used the comparative form, it appears to have intended the department to set the fee for disposing of a load of solid waste by choosing between two numbers, not three.

Indeed, we must construe the second sentence to provide the department a choice between two fees if we are to give effect to all the language and every part of the statute where it is reasonably possible. *Walden v. Royal Globe Ins. Co.*, 577 S.W.2d 296, 300 (Tex. Civ. App.--Beaumont 1978, writ ref'd n.r.e.); *see also Black v. American Bankers Ins. Co.*, 478 S.W.2d 434, 437 (Tex. 1972). In practice, Interpretation One of the second sentence of section 361.013(a) always will require the department to charge 50 cents per cubic yard as if every load of waste were compacted, because that amount always will be the greatest of the three possible

amounts.[3] To accept Interpretation One, then, we effectively would obviate the need for the department to calculate by the ton or by the cubic yard "uncompacted," and so would render inoperative two clauses of the second sentence of section 361.013(a). On the other hand, by accepting Interpretation Two, we give effect to the additional clauses, as the department will have to calculate different fees dependent on whether the waste is in compacted or uncompacted form. In our opinion, Interpretation Two gives effect to a greater part of the second sentence than Interpretation One. We therefore conclude that the amended second sentence of section 361.013(a) permits landfill operators to continue using the two basic methods of calculating the disposal fee, either by the ton or by the cubic yard.

Your second question, centering on the third sentence of section 361.013(a), asks whether "the fee for sludge or similar waste applied to the land for beneficial use on a dry weight basis and for solid waste received at an incinerator or a shredding and composting facility" requires a determination of fees pursuant to the second sentence of the provision. You state that the department considers sludge to be compacted, since technically it cannot be compacted further.[4] Additionally, you state that the department usually considers incinerator wastes only by the ton, since the incinerator capacity is measured by the tonnage burned.

When the 72d Legislature amended section 361.013 this past August, it changed only the second sentence of subsection (a). The third sentence remains unchanged from the time it was enacted as part of Senate Bill 43 during the sixth called session of the 71st Legislature. S.B. 43, Acts 1990, 71st Leg., 6th C.S., ch. 10, art. 2, § 3, at 53. The legislative history and bill analysis of Senate Bill 43 and its unenacted predecessor in the regular session of the 71st Legislature shed no light on the legislative intent behind the third sentence of section 361.013(a).[5] In such a

---

[3]That the fee calculated as if the waste were delivered in compacted form and measured by the cubic yard always is the greatest of the three possible fees underlines the dilemma landfill operators face. The correct disposal fee for a load of compacted waste is easy to calculate based on the amended statute, but landfill operators are unsure whether, when a load of uncompacted waste arrives, they must charge the higher cubic yard "compacted" rate or whether they can charge by the ton or by the cubic yard "uncompacted" rate, which results in a lower disposal fee.

[4]For purpose of this opinion, we accept your assumption that sludge is compacted.

[5]Regarding the third sentence of section 361.013(a) of the Health and Safety Code, the House Research Organization's bill analysis basically restated the provision in section 361.013(a):

situation, we must infer the legislature's intent from the plain meaning of the words it has chosen. Attorney General Opinions C-83 (1963) at 2; WW-1489 (1962) at 3; WW-1195 (1961) at 3-4.

On its face, this sentence requires the department to calculate the fee for sludge and similar waste applied to the land for beneficial use and for solid waste received at an incinerator or shredding and composting facility exactly the same as the department calculates the fee for other solid waste, except that the department is to charge only half as much. Thus, for each load of sludge received, the department must charge; on a dry weight basis, the greater of 25 cents per ton or 25 cents per cubic yard of compacted waste. For each load of solid waste received at an incinerator or shredding and composting facility, the department must charge the greater of 25 cents per ton or, if the waste is delivered in compacted form, 25 cents per cubic yard and, if the waste is delivered in uncompacted form, 5 (five) cents per cubic yard.

## SUMMARY

The second sentence of section 361.013(a) of the Health and Safety Code requires the department to charge a fee for solid waste disposal that equals the greater of two amounts: if the waste is delivered in compacted form, the department is to charge the greater of 50 cents per ton or 50 cents per cubic yard; if the waste is delivered in uncompacted form, the department is to charge the greater of 50 cents per ton or 10 cents per cubic yard. The third sentence of section 361.013(a) of the Health and Safety Code requires the department to charge as a fee for the disposal of sludge half of the amount it would receive for compacted solid waste received at a landfill. The third sentence also requires the department to charge as a fee for the disposal of solid waste received at an incinerator or a shredding and

---

[The department] would set fees for sludge or similar waste placed on land for beneficial use and for solid waste received by an incinerator for a shredding and composting facility at one-half the fee set for that of solid waste at a landfill. It would allow [the department] to set comparable fees for other means of disposing solid waste. [The department] could adjust these waste disposal fees depending on the amount appropriated to the department by the Legislature.

House Research Organization, Bill Analysis, S.B. 1519, 71st Leg., 6th C.S., at 2 (1989).

composting facility half the amount it would receive for either compacted waste or uncompacted waste, depending on the form in which the waste is delivered.

Very truly yours,

DAN   MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kym Oltrogge
Assistant Attorney General