

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

December 21, 2015

The Honorable Allison Palmer
51st Judicial District Attorney
124 West Beauregard
San Angelo, Texas 76903-5850

Opinion No. KP-0047

Re: The extent to which firearms may be excluded from buildings that contain courts, offices utilized by the courts, and other county officials (RQ-0040-KP)

Dear Ms. Palmer:

You seek an opinion about whether provisions of the Penal Code prohibit the exclusion of firearms from certain county buildings.[1] You state that the Tom Green County Sheriff currently secures the district courthouse and the Tom Green County Justice Center and does not allow firearms inside the buildings even if the carrier has a concealed handgun license. *See* Request Letter at 1. You also tell us about the different offices that are located within other county buildings that house courts and ask whether firearms may be excluded from each of these buildings "even if the possessor of the firearm has a concealed handgun license." *Id.* at 2.

Chapter 411 of the Government Code was amended in 2015 with the enactment of Senate Bill 273. Act of May 23, 2015, 84th Leg., R.S., ch. 593, § 1, 2015 Tex. Gen. Laws 2000, 2000–2001 (codified at TEX. GOV'T CODE § 411.209). The primary change under Senate Bill 273 is the creation of enforcement measures available against the state or a political subdivision that seeks to wrongfully exclude a person from carrying a handgun where the person may lawfully do so. *See id.* Section 411.209 provides:

> A state agency or a political subdivision of the state may not provide notice by a communication described by Section 30.06, Penal Code, or by any sign expressly referring to that law or to a concealed handgun license, that a license holder carrying a handgun under the authority of this subchapter is prohibited from entering or remaining on a premises or other place owned or leased by the governmental entity unless license holders are

---

[1]*See* Letter from Honorable Allison Palmer, 51st Judicial Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1–2 (July 14, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

> prohibited from carrying a handgun on the premises or other
> place by Section 46.03 or 46.035, Penal Code.

TEX. GOV'T CODE § 411.209(a); *see also id.* §§ 411.171–.209 (subchapter H providing for the licensing of handguns).[2] Because section 411.209 references sections 46.03, 46.035, and 30.06 of the Penal Code, we briefly discuss each provision. *See id.* § 411.209(a).

Section 46.03 of the Penal Code prohibits a person, including a licensee, from carrying firearms and other prohibited weapons, including handguns, in certain locations identified in the section.[3] *See* TEX. PENAL CODE § 46.03(a), (f) ("Except as provided by Subsection (e-1), it is not a defense to prosecution under this section that the actor possessed a handgun and was licensed to carry a concealed handgun under Subchapter H, Chapter 411, Government Code."). The enumerated locations include premises of schools and educational institutions, polling places during voting, and other specified locations. *See id.* § 46.03(a)(1)–(6). Relevant here, section 46.03 prohibits handguns from "the premises of any government court or offices utilized by the court, unless pursuant to written regulations or written authorization of the court." *Id.* § 46.03(a)(3).

Penal Code section 46.035 lists the locations where a license holder may not carry a handgun. *See id.* § 46.035(b). The list of prohibited places in section 46.035 includes the premises of certain businesses involved in the sale of alcoholic beverages, the premises of a correctional facility, the premises of certain places of worship, and "in the room or rooms where a meeting of a governmental entity is held and if the meeting is an open meeting."[4] *Id.* § 46.035(b)(1)–(6), (c).

Section 30.06 of the Penal Code is a criminal trespass statute that essentially allows property owners to prohibit license holders from carrying concealed handguns onto their property by providing the prescribed notice. *See id.* § 30.06(a)–(b); *see also id.* § 30.06(c)(3) (providing exact language necessary to be included on any written communication intended to provide notice that entry with a handgun is prohibited). But it excepts that property which is "owned or leased by a governmental entity and is not a premises or other place on which the license holder is prohibited from carrying the handgun under section 46.03 or 46.035." *Id.* § 30.06(a), (e). The exception in subsection 30.06(e) means that a governmental entity does not have general authority to prohibit concealed handguns from its public buildings other than a location listed in sections 46.03 and 46.035. *See id.* § 30.06(e); *see also* SENATE COMM. ON STATE AFFAIRS, BILL ANALYSIS, Tex. S.B. 273, 84th Leg., R.S. (2015) at 1 ("When uncooperative governments post signs to ban Texas citizens from carrying where it is legal, they are breaking the law and infringing on the

---

[2]House Bill 910, also passed in 2015, amended subchapter H and mostly removed the requirement of concealment with respect to an individual's license to carry a handgun. *See* Act of May 29, 2015, 84th Leg., R.S., ch. 437, §§ 16–28, 2015 Tex. Gen. Laws 1706, 1710–1714 (codified at various provisions in TEX. GOV'T CODE ch. 411, subch. H).

[3]As you ask about only section 411.209 of the Government Code, we limit this opinion to a consideration of only the prohibition of handguns.

[4]You do not ask us to address the scope of subsection 46.035(c). *See* Request Letter at 1–2.

second amendment rights of Texas citizens. S.B. 273 provides an enforcement mechanism . . . to stop these illegal postings.").

Taken together, these three provisions authorize a political subdivision to prohibit handguns from only the locations identified in Penal Code sections 46.03 and 46.035. Your questions do not implicate any limitation or expansion of the kinds of locations from which a governmental entity may prohibit handguns. Rather, you ask only about the scope of the location identified in subsection 46.03(a)(3) concerning the "premises of any government court or offices utilized by a court." Request Letter at 1; TEX. PENAL CODE § 46.03(a)(3). Your questions implicate many fact sensitive issues that cannot be resolved in an attorney general opinion. However, we will provide the legal guidance that we can.

When construing statutes, courts seek to ascertain and give effect to the Legislature's intent. *See Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). "The plain meaning of the text is the best expression of [that] intent[.]" *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). "If a statute . . . assigns a particular meaning to a term, [courts] are bound by the statutory usage." *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). "Undefined terms . . . are typically given their ordinary meaning[.]" *Id.*

To determine the scope of the prohibition in subsection 46.03(a)(3), we need to construe the phrase "premises of any government court or offices utilized by the court," which requires an examination of the term "premises." TEX. PENAL CODE § 46.03(a)(3). Subsection 46.035(f) defines the term "premises" for purposes of section 46.03. *Id.* § 46.035(f)(3); *see also id.* § 46.03(c)(1) (defining "premises" by reference to section 46.035). "'Premises' means *a building or a portion of a building.* The term does not include any public or private driveway, street, sidewalk or walkway, parking lot, parking garage, or other parking area." *Id.* § 46.035(f)(3) (emphasis added). "[T]he word 'or' is a disjunctive conjunction that indicates a choice between two alternatives generally corresponding to 'either' or 'either this or that.'" *Gunn v. Phillips*, 410 S.W.2d 202, 206 (Tex. Civ. App.—Houston 1966, writ ref'd n.r.e.). The common meaning of "building" is "a structure with a roof and walls, such as a house, school, store, or factory." NEW OXFORD AMERICAN DICTIONARY 228 (3d ed. 2010); *see also* TEX. PENAL CODE § 30.01(2) (defining "building" as "any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use"). Section 46.03 neither provides nor directs us to a definition of "government court," but article V, section 1 of the Texas Constitution vests judicial power in listed courts and "such other courts as may be provided by law."[5] TEX. CONST. art. V, § 1. It is likely that a court would determine that a "government court" under section 46.03 is any of the judicial bodies created by either the Texas Constitution or by the Legislature. We also consider the meaning of "offices utilized by the court." TEX. PENAL CODE § 46.03(a)(3). Section 46.03 does not define the term "office," but a Texas court of appeals has defined "office"

---

[5]The Legislature has provided for the courts in chapters 22 through 30 of the Government Code, which contain provisions for each of the different types of courts, and all of which have judicial authority to determine rights as between persons or property. *See* TEX. GOV'T CODE §§ 22.001–.302 (appellate courts), 24.001–.954 (district courts), 25.0001–.2702 (statutory county courts), 26.001–.353 (constitutional county courts), 27.001–.061 (justice courts), 29.001–.105 (municipal courts), 30.00001–.01904 (municipal courts of record). Created by the Texas Constitution or by the Legislature, these bodies are courts established by the government.

as a "place where a particular kind of business . . . is transacted." *Anderson v. State*, 17 Tex. Ct. App. 305, 310 (1884). The common meaning of "utilize" is to "make practical and effective use of." NEW OXFORD AMERICAN DICTIONARY 1909 (3d ed. 2010).

Thus, the phrase "premises of any government court" generally means either (1) a structure utilized by a court created by the Texas Constitution or the Legislature, or (2) a portion of such a structure. And the premises of an office utilized by the court generally means a building or portion of a building that is a place where the business of a government court is transacted.

But such alternatives still do not provide any clarity with respect to where section 46.03 prohibits handguns. If the Legislature intended for the entire structure with a government court in it to be a location from which firearms are excluded, it could have redefined "premises" to mean only a building. *See Kappus v. Kappus*, 284 S.W.3d 831, 835 (Tex. 2009) (recognizing that the Legislature chooses "its words carefully and intentionally"). It did not. To so construe subsection 46.03(a)(3) would essentially render the language "portion of a building" meaningless—a construction that, like the courts, we try to avoid. *See Hanson v. Jordan*, 198 S.W.2d 262, 263 (Tex. 1946) (stating that courts "should avoid a construction which renders any provision meaningless"). By including the "portion of a building" language, the Legislature evidenced an intent to have the prohibition in subsection 46.03(a)(3) equally apply to an area that is less than the entire structure. Thus, the disjunctive "or" in the phrase may not provide a discretionary choice between two alternatives as much as recognition that flexibility is necessary to accommodate the different kinds of spaces courts utilize in various types of buildings.

Further, when considering the statute as a whole, under subsection 46.03(a)(3) a court may issue written regulations or provide authorization concerning the allowance of firearms on its premises. *See* TEX. PENAL CODE § 46.03(a)(3) (establishing an offense for carrying a prohibited weapon "on the premises of any government court or offices utilized by the court, unless pursuant to written regulations or authorization of the court"). A court's authority with regard to such regulations or authorization would not include areas of the building that are beyond the operations of the court. This is some indication that the Legislature intended the prohibition in subsection 46.03(a)(3) to have a limited reach.

Yet, in the greater context of section 411.209's penalty against a governmental entity improperly excluding handguns, the Legislature also amended subsection 46.035(c), Penal Code, to prohibit handguns from the "*room or rooms* where a meeting of a governmental entity is held." TEX. PENAL CODE § 46.035(c) (emphasis added). By this amendment, the Legislature indicated that it knows how to limit the handgun prohibition to a specific room in which an activity is conducted. The Legislature chose to use the term "government court," instead of government courtroom. *Id.* § 46.03(a)(3). So, though the Legislature may have intended subsection 46.03(a)(3) to have a limited reach, it did not expressly limit section 46.03(a)(3) to only the room that houses the government court.

The Legislature has not clearly demarcated, or established, a precise boundary in a building or portion of a building at which handguns are prohibited or permitted. Yet, it has established an enforcement scheme that can be properly effectuated only where such a boundary is determined and definitive. Similarly, the Legislature has not provided the Attorney General's Office with

specific authority to make rules governing this enforcement scheme. While the outside limits of subsection 46.03(a)(3) may be unclear, at the very least it can be said that the Legislature intended to prohibit concealed handguns from the rooms that house government courts and offices central to the business of the courts.[6] Accordingly, in the absence of clarity from the Legislature and in order to provide concrete advice to governmental entities seeking to secure their courts without penalty, we construe subsection 46.03(a)(3) to encompass only government courtrooms and those offices essential to the operation of the government court. Section 46.03(a)(3) recognizes the power of government courts to override the ban on concealed handguns in that a court may issue "written regulations or written authorization" allowing the carrying of concealed handguns in their spaces. Likewise, we routinely acknowledge that decisions such as this are for the governmental entity in the first instance, subject to the applicable review. *See, e.g.,* Tex. Att'y Gen. Op. KP-0007 (2015) at 2 (concluding that the determination of whether the expenditure of public funds is for a public purpose is for the governmental body in the first instance, subject to judicial review). Accordingly, the responsible authority that would notify license holders of their inability to carry on the respective premises must make the determination of which government courtrooms and offices are essential to the operation of the government court. And it is that authority that could face the statutory civil penalty. TEX. GOV'T CODE § 411.209(a) (prohibiting "[a] state agency or a political subdivision of the state" from providing improper notice). If this authority is not the government court itself, the responsible authority would presumably consult with the government court to determine what government courtrooms and offices are essential to its operation.

---

[6]Toward that end, these parameters from the Legislature will presumably prevent a governmental body from using pretext to attempt to exclude the licensed carrying of handguns where the law allows it.

## S U M M A R Y

      For purposes of section 411.209 of the Government Code, the phrase "premises of any government court" used in Penal Code subsection 46.03(a)(3) generally means either (1) a structure utilized by a court created by the Texas Constitution or the Legislature, or (2) a portion of such a structure. The premises of a "government court or office utilized by the court" means a government courtroom or those offices essential to the operation of the government court. The responsible authority that would notify license holders of their inability to carry on the respective premises must make the determination of which government courtrooms and offices are essential to the operation of the government court, in consultation with the government court.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee