ACCEPTED
01-15-00624-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/14/2015 8:53:28 AM
CHRISTOPHER PRINE
CLERK

No. 01–15–624–CV

In the First Court of Appeals
Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

8/14/2015 8:53:28 AM

CHRISTOPHER A. PRINE
Clerk

In re:

Rescue Concepts, Inc.,

Relator.

Original proceeding from the
270th Judicial District Court, Harris County, Texas
Honorable Brent Gamble

## Reply in Support of Petition for Writ of Mandamus

James G. Munisteri
State Bar No. 14667380
John MacVane
State Bar No. 24085444

Gardere Wynne Sewell LLP
2000 Wells Fargo Plaza
1000 Louisiana Street
Houston, Texas 77002
Tel: 713.276.5500
Fax: 713.276.5555
Email:    jmunisteri@gardere.com
jmacvane@gardere.com

- and -

Jacqueline Lucci Smith
State Bar No.  00786073

LUCCI SMITH LAW, PLLC
10575 Katy Freeway, Suite 405
Houston, Texas 77024
Telephone: (832) 494-1700
Facsimile:  (832) 494-1426
Email:  jacq@luccismithlaw.com

**ATTORNEYS FOR PLAINTIFF RESCUE CONCEPTS INC.**

**ORAL ARGUMENT REQUESTED**

# Table of Contents

**Page**

Table of Contents ........................................................................... ii

Table Of Authorities ...................................................................... iii

Argument ........................................................................................ 1

    I.     HouReal's argument makes this an incredibly simple mandamus. ...................................................................................... 1

         A.    HouReal's reading creates the absurd result of making service the only requirement to avoid expunction of a lis pendens. .................................................. 3

         B.    HouReal's reading is contrary to the cases construing the statute. ........................................................ 5

         C.    HouReal's application of *In re Cohen* misses the mark. ............................................................................... 6

    II.    RCI stands on its remaining arguments........................................ 7

Prayer for Relief............................................................................... 8

Certificate of Service/Compliance ................................................ 9

# Table Of Authorities

**Page(s)**

CASES

*City of Dallas v. TCI W. End, Inc.*,
No. 13-0795, 2015 WL 2147986
(Tex. May 8, 2015) (slip op.) (per curiam)........................................................2

*City of Lorena v. BMTP Holdings, L.P.*,
409 S.W.3d 634 (Tex. 2013)..............................................................................2

*Gunn v. Phillips*, 410 S.W.2d 202
(Tex. Civ. App.—Houston 1966, writ ref'd n.r.e) .............................................2

*In re Cohen*, S.W.3d 889
(Tex. App.—Houston [1st Dist.] 2011, no pet.)………………………….. 6, 7

*In re Moreno*, No. 14-14-00929-CV, 2015 WL 225049
(Tex. App.—Houston [14th Dist.] Jan. 15, 2015, no pet.) .................................5

*Nat'l City Bank of Indiana v. Ortiz*, 401 S.W.3d 867
(Tex. App.—Houston [14th Dist.] 2013, pet. denied) .................................4, 5

*Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 588 (Tex. 2015). .........................3

STATUTES

TEX. PROP. CODE ANN. § 12.0071.......................................................*passim*

OTHER AUTHORITIES

ANTONIN SCALIA & BRYAN A. GARNER,
READING LAW: THE INTERPRETATION OF LEGAL TEXTS 116 (2012)……………...2

.

# Argument

## I. HouReal's argument makes this a simple mandamus.

HouReal Corporation ("HouReal") is absolutely correct that the crux of this case is interpretation of section 12.0071 of the Texas Real Property Code. As HouReal's response makes clear:

> ➢ HouReal does not dispute that the proper remedy for wrongful denial of a motion to expunge is mandamus,
>
> ➢ Nor does HouReal dispute that Rescue Concepts, Inc. ("RCI") properly raised and preserved the bases for expunction stated in its mandamus petition,
>
> ➢ **Nor does HouReal *even argue* that it "establish[ed] by a preponderance of the evidence the probable validity of [its] real property claim."**

Instead HouReal relies exclusively on a simple, flawed argument. According to HouReal, because section 12.0071 requires expunction "if the court determines" that any one of three situations exists, the statute supposedly gives the trial court unlimited discretion to determine which of the three scenarios to examine.

HouReal cites no statute—and RCI has found none—that has been construed to allow the trial court to decide—willy-nilly—which statutory requirements to examine and which to disregard. HouReal simply

1

contends that the trial court was free to completely ignore the argument that HouReal could not establish the probable validity of its claim—in its discretion—for any reason or no reason.

HouReal's interpretation of the expunction statute to confer such discretion is nonsense. The word "or," as used in section 12.0071, joins a disjunctive list. *See* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 116 (2012). The Texas cases standing for this proposition are legion. *See, e.g.*, *City of Dallas v. TCI W. End, Inc.*, No. 13-0795, 2015 WL 2147986, at *4 (Tex. May 8, 2015) (slip op.) (per curiam) ("The statute's use of 'or,' a disjunctive, identifies two alternative bases for recovering civil penalties."); *City of Lorena v. BMTP Holdings, L.P.*, 409 S.W.3d 634, 642 (Tex. 2013) ("We have previously held that the Legislature's use of the disjunctive word 'or' is significant when interpreting statutes."); *Gunn v. Phillips*, 410 S.W.2d 202, 206 (Tex. Civ. App.—Houston 1966, writ ref'd n.r.e) ("[T]he word 'or' is a disjunctive conjunction that indicates a choice between two alternatives generally corresponding to 'either' or 'either this or that'.").

And in section 12.0071 the legislature plainly required that "a court *shall order* the notice of lis pendens expunged if the court determines that:

2

(1) the pleading on which the notice is based does not contain a real property claim;

(2) the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim; or

(3) the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy under Section 12.007(d)." (Emphasis added).

"The use of the word 'shall' evidences the mandatory nature of the duty imposed . . . ." *See Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 588 (Tex. 2015). In this case, that mandatory duty is on the trial court to expunge the lis pendens if the claimant fails to plead, prove, _or_ properly serve the notice of lis pendens.

HouReal's construction would be a complete anomaly in statutory interpretation case law—as evidenced by the absence of a single cited authority applying such a construction to any statute—ever.

### A. HouReal's reading creates the absurd result of making service the only requirement to avoid expunction of a lis pendens.

HouReal's reading leads to the absurd result of allowing a trial court to leave a lis pendens on file that is *neither* pleaded *nor* proved if the lis pendens has been properly served. According to HouReal, the trial court

3

has discretion to determine which of the three disjunctive sections to examine (even if—as undisputedly happened here—more than one basis for expunction is raised). Thus, according to HouReal, a court would be within its discretion to *ignore* (1) that no real property claim had been pled, and (2) that no probable right had existed, and to focus entirely on the third item in the disjunctive list: that the person who filed the lis pendens served it according to section 12.007(d) of the Texas Property Code.

This reading of the statute cannot plausibly be entertained. To the contrary, the revisions to section 12.0071 "mark[ed] a substantial change in the legal standard by which parties can seek expunction of notices of lis pendens" because it "includ[ed] language that requires consideration of the merits of the claim that forms the basis of the lis pendens." *Nat'l City Bank of Indiana v. Ortiz*, 401 S.W.3d 867, 903-04 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (Frost, J., dissenting). The purpose of the amendments was thus to *add* means of obtaining expunction, not give a trial court discretion to leave lis pendens undisturbed whenever they were properly served. *See id.*

### B. HouReal's reading conflicts with cases construing the statute.

As the Houston Fourteenth Court of Appeals has explained, "[s]ection 12.0071 identifies three circumstances in which the trial court 'shall order the notice of lis pendens expunged.'" *In re Moreno*, No. 14-14-00929-CV, 2015 WL 225049, at *2 (Tex. App.—Houston [14th Dist.] Jan. 15, 2015, no pet.) *quoting* Tex. Real Prop. Code Ann. § 12.0071. The Fourteenth Court's language is clear; three separate scenarios exist that require expunction.

In another case, the Fourteenth Court described section 12.0071 as requiring that "[t]he court shall order the notice of lis pendens expunged if the court determines that . . . the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim . . . ." *Nat'l City Bank of Indiana,* 401 S.W.3d at 887 (ellipses original).

These cases do nothing more than rephrase the plain language of the statute. Put simply, HouReal could not be more wrong. This is a simple mandamus requiring this Court to do no more that read the statute and apply its plain language. The word "or" means that the trial court shall expunge the lis pendens if the claimant failed to plead, prove <u>or</u> properly

serve the notice of lis pendens.

### C.　HouReal's reading of *In re Cohen* misses the mark.

HouReal misinterprets *In re Cohen* as holding that a court has free reign to disregard certain elements of the lis pendens statute at its pleasure. *See Response to Relator's Petition for Writ of Mandamus*, at 10.

But *In re Cohen*, in fact, says the exact opposite. According to *In re Cohen*, "The court must grant the motion if (1) 'the pleading on which the notice is based does not contain a real property claim,' or (2) 'the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim.'" S.W.3d 889, 892 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Nowhere did the *Cohen* court say or suggest a trial court may avoid its mandatory obligation to expunge by focusing on one requirement and ignoring other requirement.

Contrary to HouReal's argument, the "probable validity" basis for expunging lis pendens was not analyzed in *In re Cohen*. According to the court's opinion, the "probable validity" basis "*ha[d] <u>yet</u> to be addressed by the trial court, rendering review . . . premature.*" *Id.* at 899-900 (emphasis added).

In stark contrast to *In re Cohen*, RCI did raise that HouReal failed to establish by a preponderance of evidence the probable validity of a real

6

property claim. This assertion was both (1) raised by RCI's motion, (*see* Tab I, R. 63)—as HouReal does not dispute—and (2) addressed by HouReal's response—which said that HouReal had no need to establish probable validity (Tab E, R. 37, at ¶¶2-3).

Thus the probable validity prong was squarely before the trial court. But HouReal did not prove probable validity—nor does HouReal contend that it did—and the trial court abused its discretion by denying the motion to expunge.

## II. RCI stands on its remaining arguments.

For the reasons discussed above, this Court need not address the second ground. Should this Court reach HouReal's argument that it pled a real property claim in the amended petition, HouReal stands on its argument that HouReal did not plead a claim that entitled it to lis pendens. These arguments are explained in Part II.B. of RCI's mandamus petition. HouReal's response largely ignores these arguments that provide an independent—albeit slightly less straightforward—basis for granting mandamus relief.

## Prayer for Relief

For the foregoing reasons, RCI asks this Court to issue a writ of mandamus:

(a) directing the district court to vacate its Order Denying Rescue Concepts, Inc.'s Motion to Expunge Lis Pendens, signed on July 13, 2015, in the underlying lawsuit, *HouReal Corporation v. Rescue Concepts, Inc.*, No. 2014-71749 (270th J. Dist. Ct., Harris Cty., Tex., filed Dec. 10, 2014);

(b) directing the district court to order HouReal's lis pendens, a copy of which is located at Tab E, R. 39-40, expunged pursuant to section 12.0071 of the Texas Real Property Code; and

(c) taxing costs against Real Party in Interest, HouReal Corporation.

Respectfully submitted,

-and-

*/s/ James G. Munisteri*
James G. Munisteri
State Bar No. 14667380
John MacVane
State Bar No. 24085444
GARDERE WYNNE SEWELL LLP
2000 Wells Fargo Plaza
1000 Louisiana Street
Houston, Texas 77002
Telephone: (713) 276-5500
Facsimile: (713) 276-5555
Email: jmunisteri@gardere.com
Email: jmacvane@gardere.com

*/s/Jacqueline Lucci Smith*
Jacqueline Lucci Smith
LUCCI SMITH LAW, PLLC
Texas Bar Number: 00786073
10575 Katy Freeway, Suite 405
Houston, Texas 77024
Telephone: (832) 494-1700
Facsimile: (832) 494-1426
Email: jacq@luccismithlaw.com

ATTORNEYS FOR PLAINTIFF
RESCUE CONCEPTS INC.

8

## Certificate of Service/Compliance

I certify that a copy of this document was served by efiling, as follows, on August 14, 2015.

Mr. Gregory N. Jones
Law Office of Gregory N. Jones
2323 S. Shepherd, 14th Floor
Houston, Texas 77019
Email: gjones@gnjlaw.net
Facsimile: (713) 979-4440
**[by Efiling]**

Hon. Brent Gamble
270th Judicial District Court
Harris County Civil Courthouse
201 Caroline, 13th Floor
Houston, Texas 77002
**[By Efiling to the email address of the Court's clerk, Danielle Gutierrez at Danielle.Gutierrez@hcdistrictclerk.com]**

**Counsel for**
**HouReal Corporation**

I further certify that this document contains 1,509 words. To prepare this certificate, I relied upon the word count of the computer program used to prepare this document.

*/s/ James G. Munisteri*
James G. Munisteri

9

Gardere01 - 6934908v.1