PUBLIC UTILITY COMMISSION OF
TEXAS, et al., Appellants,

v.

BRAZOS ELECTRIC POWER
COOPERATIVE, INC.,
Appellee.

No. 14687.

Court of Appeals of Texas,
Austin.

Nov. 5, 1986.

Rehearing Denied Feb. 4, 1987.

Jim Mattox, Atty. Gen., Stephen J. Davis, Asst. Atty. Gen., Austin, for The Public Utility Com'n of Tex.

Jim Boyle, Public Counsel, Geoffrey M. Gay, Asst. Public Counsel, Austin, for Office of Public Utility Counsel.

John F. Bell, Jr., Murphy, Shrull, Moore & Bell, Fort Worth, for Ron Liles.

Joseph Robert Riley, Waco, for appellee.

SHANNON, C.J., and BRADY and CARROLL, JJ.

BRADY, Justice.

Brazos Electric Power Cooperative, Inc., filed this suit in the district court of Travis County seeking review of an order of the Public Utility Commission of Texas. The trial court set aside and declared void the Commission's order, from which judgment the Commission and intervenors appeal. We will affirm the judgment of the trial court.

On August 19, 1983, Brazos Electric Power Cooperative, Inc., filed an application with the Public Utility Commission to amend its certificate of convenience and necessity to permit the construction of a 138,000–volt transmission line in Johnson County. Brazos published notice of its application in the Cleburne Times-Review newspaper, and when no opposition to the application arose, the Commission issued a final order without hearing and granted the requested amendment allowing construction of the transmission line.

Some eighteen months thereafter, in February 1985, seventy-five individuals filed an "original" proceeding requesting the Commission declare its former order void on grounds that Brazos Electric failed to give proper notice of its application for construction of the utility line. The Commission agreed that a fundamental defect in notice existed and declared its previous order null and void. The Commission issued its second final order on June 21, 1985, which concluded that its prior order was void and subject to collateral attack. Brazos Electric appealed the Commission's order to the district court. That court concluded as a matter of law that the Commission had exceeded its statutory authority and held void the Commission's attempt to set aside the previous order approving construction of the transmission line.

The Commission argues that the district court erred in failing to remand the cause to it for an evidentiary hearing on the issue of reasonable notice and, if necessary, on the merits of allowing the construction of the utility line.

Intervenors, Ron Liles and others, argue that publication of notice by Brazos in the Cleburne Times-Review newspaper was not proper notice. Intervenors contend that while Brazos' application was pending before the Commission, the Commission changed its procedural rules concerning newspaper notice publication. They argue the new rules enlarge the requisite circulation of a qualified newspaper from a paper having general circulation in "the county or counties" where a certificate of convenience and necessity is being requested, to a "newspaper having general circulation in the area of the state" where the certificate is requested.

The trial court here filed its conclusions of law on March 26, 1985, finding that the Commission had no authority to reconsider or set aside its previous order after the 18–month time lapse. The court also held that intervenors' petition was in the nature of a bill of review thus, would not lie under the Public Utility Regulatory Act [PURA], Tex.Rev.Civ.Stat.Ann. art. 1446c (Supp. 1986). This act, the court found, should not be construed as delegating to the Commission authority to consider this form of action because a bill of review is inherently judicial in character. The trial court further concluded that the administrative record showed that there was no evidence, and in any event no substantial evidence, to support the Commission's finding that the Cleburne Times-Review is not a newspaper having general circulation in the area. Finally, the trial court held that the intervenors failed to show that reasonable notice of the original application was not given, and that the intervenors further failed to show facts which would have supported a Commission decision to deny the application for construction of the new transmission line.

■ We agree with the trial court that the Public Utility Commission lacks statutory authority or any implied power to review in any judicial capacity its orders which have become final. In an early case, this Court held that the Railroad Commission was without power to review its own orders. *See Sproles Motor Freight Line v. Smith*, 130 S.W.2d 1087, 1088 (Tex.Civ. App.1939, writ ref'd). This same rule applies to orders of the Public Utility Commission which have become final, as here. *In Railroad Commission of Texas v. McKnight*, 619 S.W.2d 255, 260 (Tex.Civ. App.1981, no writ), it was held that the Commission did not possess jurisdiction to re-open a final proceeding. *Id.* at 260. Again, we stated in *South Texas Ind. Services v. Texas Dept. of Water Resources*, 573 S.W.2d 302, 304 (Tex.Civ.App.1978, writ ref'd n.r.e.), an agency does not have authority to review a former order on the same fact situation.

■ Appellants argue that the Commission has jurisdiction to consider an amendment or revocation of a certificate of convenience and necessity under changed circumstances. However, the Commission may only amend within strict statutory guidelines. Under § 62(a) of PURA, *supra,* the Commission may only amend or revoke a certificate if it finds the certificate holder has never provided or is no longer providing service in the area or part of the area covered by the certificate. There was no such finding here. Hence, the trial court was correct in holding that the Commission's order had become final under § 16(c) of Tex.Rev.Civ.Stat.Ann. art. 6252-13a, and the Commission was without authority to reconsider or set aside the order.

The intervenors also contend that the failure of the trial court to sign and file conclusions of law within the thirty day period (which the trial court had plenary power over its judgment), renders the conclusions ineffectual. If this contention is correct, and the conclusions were signed after the trial court lost jurisdiction of the case, then an appellate court must affirm the judgment if it can be upheld on any legal theory which has support in the evidence. Since the standard of review is one of whether substantial evidence supports the trial court's judgment, we affirm the trial court.

■ It is also a rule in Texas that if the trial court files its conclusions of law in time to be included in the record on appeal, any failure to comply with the time requirements of Tex.R.Civ.P. 297 (1984) is harmless unless there is some showing by the complaining parties of injury. *Gomez v. Gomez*, 577 S.W.2d 327 (Tex.Civ.App.1979, no writ). Here we have no showing of injury. Further, since the intervenors failed to preserve this complaint for appellate review by Motion to Strike or otherwise, the error was waived.

We agree with the trial court that the Public Utility Commission lacks statutory authority or any implied power to review in any judicial capacity its orders which have become final.

We affirm the judgment of the trial court.