**DENTON COUNTY ELECTRIC COOPERATIVE, INC.,**
**Appellant,**

v.

**PUBLIC UTILITY COMMISSION OF TEXAS, Appellee.**

**No. 6–90–048–CV.**

Court of Appeals of Texas, Texarkana.

Oct. 1, 1991.

Rehearing Overruled Oct. 29, 1991.

---

Earnest Casstevens, Austin, for appellant.

J. Dan Bohannan, Richard L. Adams, Worsham, Forsythe, Sampels & Wooldridge, Dallas, for Texas Utilities Electric Co.

Susan D. Bergen, Asst. Atty. Gen., Austin, for Public Utility Com'n of Texas.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Denton County Electric Cooperative appeals from a judgment affirming an order of the Public Utility Commission dismissing, for lack of jurisdiction, Denton's petition to amend certificates of public conve-

nience and necessity. We will affirm the judgment.

Denton petitioned the Commission to amend certificates of public convenience and necessity previously issued to it and Texas Utilities for dual retail electric service in the City of Flower Mound. Denton wanted the certificates amended to give it and Texas Utilities specific exclusive areas of service within the city, rather than dual service. Texas Utilities moved to dismiss the petition on the ground that the Commission was without jurisdiction to grant the relief requested. The Commission agreed with Texas Utilities and dismissed the petition. Denton appealed, and the district court affirmed the Commission's order.

The stated purpose of the Public Utilities Regulatory Act (PURA) [1] is to establish a comprehensive regulatory system for public utilities, and to assure rates, operations, and services which are just and reasonable to the consumers as well as to the utilities. Sections 49 through 62 govern the issuance of certificates of public convenience and necessity. Section 50 provides that no public utility may render service to the public without first having obtained from the Commission a certificate. Section 52 provides that a public utility shall submit to the Commission an application to obtain a certificate or an amendment thereof. Section 54 provides that the Commission may grant applications and issue certificates only if it finds that the certificate is necessary for the service, accommodation, convenience, or safety of the public, and that it may either issue the certificate as prayed for, refuse to issue it, or issue it in part. Section 62 governs the revocation or amendment of certificates. It provides in Subsection (a) that the Commission "at any time after notice and hearing may revoke or amend any certificate of convenience and necessity *if it finds that the certificate holder has never provided or is no longer providing service in the area, or part of the area, covered by the certificate*" (emphasis added).

Denton argues that, in addition to the limited power to amend or revoke a certificate as granted by Section 62(a), the Commission also has the implied power to amend or revoke a certificate whenever the public convenience or proper regulation of utilities requires it. Denton argues that such implied power is a necessary extension of the grants of power contained in other sections of the PURA, and cites several cases in which the courts have recognized the power of a regulatory body to review its previous orders on a showing of changed conditions. The cited cases are not in point, however, because they involved actions of the Railroad Commission. That body is given broad statutory authority to review its previous orders "from time to time" to inquire into oil and gas production in order to prevent waste. The Public Utility Commission has no such broad grant of authority. *See Sexton v. Mount Olivet Cemetery Ass'n*, 720 S.W.2d 129, 139 (Tex.App.–Austin 1986, writ ref'd n.r.e.).

■ An implied power to reexamine previous orders does not exist where the statute in question expressly delegates to the regulatory agency a particular power to do so and prescribes the method by which it is to be exercised. There is an assumption that the Legislature intended the prescribed method to exclude all others so that it alone may be employed by the agency in the exercise of the delegated power. *Sexton v. Mount Olivet Cemetery Ass'n, supra*, at 141, and cases there cited. The *Sexton* case did not involve the PURA, but it is analogous because the court was construing a parallel statute which provided specific and limited authority for the Texas Banking Department to revoke or amend its prior decisions.

■ Administrative agencies are creatures of statute and have no *inherent* authority. They do have *implied* powers, but only those necessary to implement or perform powers and duties which are explicitly granted by statute. *State v. Jackson*, 376 S.W.2d 341 (Tex.1964); *Stauffer v. City of San Antonio*, 162 Tex. 13, 344 S.W.2d 158

1. Tex.Rev.Civ.Stat.Ann. art. 1446c (Vernon Supp. 1991).

(1961); *Sexton v. Mount Olivet Cemetery Ass'n, supra.*

The PURA is not silent with regard to the Commission's authority to amend certificates. As noted earlier, Section 62(a) gives the Commission explicit authority to amend or revoke certificates and prescribes when that authority may be exercised, i.e., when the Commission finds that the certificate holder has never provided or is no longer providing service in all or a part of the area covered by the certificate.

We believe this case is controlled by *Coalition of Cities for Affordable Utility Rates v. Public Utility Commission,* 798 S.W.2d 560 (Tex.1990), and *Public Utility Commission v. Brazos Electric Power Cooperative,* 723 S.W.2d 171 (Tex.App.–Austin 1986, writ ref'd n.r.e.). Both of those cases involved the claimed implied power of the Public Utility Commission to reopen and reconsider its previous orders. The courts held that Section 62 provided the only authority for the Commission to amend or revoke its previous orders, and that unless the proceeding came within the provisions of Section 62 the Commission had no power to reexamine or revise its decision. As stated by the court in the *Brazos Electric Power Cooperative* case:

> However, the Commission may only amend within strict statutory guidelines. Under § 62(a) of PURA, *supra,* the Commission may only amend or revoke a certificate if it finds the certificate holder has never provided or is no longer providing service in the area or part of the area covered by the certificate. There was no such finding here.

*Public Utility Commission v. Brazos Electric Power Cooperative, supra,* at 173.

Denton correctly points out that Section 52(a) of the PURA provides that a utility may petition the Commission for a certificate *or an amendment thereof.* The reference to an amendment, however, must be read to refer to amendments permitted by the Act. The only amendments permitted by the Act are those expressly permitted by Section 62(a). The amendment sought in this proceeding does not meet the requirements of Section 62(a).

■ Denton argues that the Commission may amend the certificates in question because the certificates themselves provide that, on a showing of public convenience and necessity, they are subject to amendment or revocation in whole or in part. The certificates do so provide. Nevertheless, the Commission cannot by its own order validly invest itself with a power not otherwise expressly delegated to it or necessarily implied in the statute. *Cypress–Fairbanks Independent School Dist. v. Texas Education Agency,* 797 S.W.2d 336 (Tex.App.–Austin 1990, writ granted); *Sexton v. Mount Olivet Cemetery Ass'n, supra.*

■ Denton also argues that the Commission's rules and its past interpretations of the PURA should be given great weight, and points to the Commission's Substantive Rule 23.31(c), which expressly provides for the amendment or revocation of certificates when required by the public convenience and necessity. That rule was adopted before the certificates involved here were issued, and Denton argues that the Legislature has had numerous opportunities since then to change the effect of Rule 23.31(c) and, as it has not done so, the rule should be deemed to have been accepted by the Legislature as a corollary of the statute. We cannot agree. Although courts in construing a statute may consider the administrative construction which has been placed on it, TEX.GOV'T CODE ANN. § 311.023(6) (Vernon 1988), they cannot allow an administrative construction, however long applied, to control over the clear and express provisions of the statute, or to arrogate to the agency express powers which the statute clearly does not grant, and in fact impliedly withholds. *Firestone Tire and Rubber Co. v. Bullock,* 573 S.W.2d 498 (Tex.1978); *Eddins–Walcher Butane Co. v. Calvert,* 156 Tex. 587, 298 S.W.2d 93 (1957); *see also Sharp v. House of Lloyd, Inc.,* 815 S.W.2d 245 (1991).

Finally, Denton argues that Texas Utilities is not providing service to parts of the areas covered by its certificate, and thus the Commission has explicit jurisdiction under Section 62(a) to entertain the petition to amend. It contends that its petition before the Commission alleges facts which show

that in many areas covered by the certificates, Texas Utilities does not provide and has never provided service to customers, and that the areas are either served by Denton or else are undeveloped and unserved. We have examined Denton's first amended original petition which was filed with the Commission and have found no language to that effect. To the contrary, Denton complained in its petition that Texas Utilities had been aggressively seeking out extensions of service in Flower Mound. The petition suggests various evils of dual certification, primarily related to duplication of investment and effort.

Although Denton's petition states that Texas Utilities' activities toward expansion are in areas where it "presently has no service *facilities*" (emphasis added), that is not an allegation that Texas Utilities has never, or is no longer, providing service in the area. Section 62(a) contemplates an amendment or revocation of a certificate when the utility has abandoned its obligations to service an area. Service does not necessarily mean that customers are actually using electricity. It may mean that the utility is making an active effort to make the electricity available. *City of Brownsville v. Public Utility Commission*, 616 S.W.2d 402 (Tex.Civ.App.–Texarkana 1981, writ ref'd n.r.e.). Denton's petition alleged that Texas Utilities was doing just that.

Denton has based its appeal primarily on the contention that the Commission has the implied power to revoke or amend a certificate on a finding of public convenience and necessity. We find this position contrary to the intent of the Legislature as set forth in the clear language of Section 62 of the PURA and as interpreted by the Texas Supreme Court and other courts in the cases cited. For the reasons stated, we conclude that the trial court correctly affirmed the Commission's order for lack of jurisdiction.

The judgment of the trial court is affirmed.